NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| TERRY DENNARD MCNEAIR, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 06-11-DCR |
| ) | |
| V. ) | |
| ) | |
| BUREAU OF PRISONS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Terry Dennard McNeair (McNeair), a *pro se* Petitioner, is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky.  He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.  The matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Following a jury trial in the United States District Court for the Middle District of North Carolina, McNeair was convicted on June 12, 1996, of conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and of possessing a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 360 months' incarceration followed by a five-year term of supervised release on November 26, 1996. McNeair filed an appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the conviction on April 30, 1998. Both of McNeair's motions for post-conviction relief under section 2255 were denied. *United States v. Terry McNeair*, 96-CR-70, Middle District of North Carolina [Record Nos. 19, 39, 70, 118, 125 therein].

In his current petition, McNeair asserts that his sentence and the inclusion of a five-year term of supervised release, in addition to his 360-month term of incarceration, violates the separation of powers doctrine, violates the Bill of Attainder Clause, violates the Double Jeopardy Clause, was imposed under an invalid statute, and was imposed without constitutionally-adequate notice. In support of his assertions, McNeair relies upon *United States v. Booker*, 543 U.S. 220 (2005), asserting that this decision resulted in the "cancellation" of all criminal convictions imposed prior to its holding.

**DISCUSSION**

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593

F.2d 766, 770-71 (6th Cir. 1979). As McNeair challenges the legality of his conviction, he ordinarily would raise this claim through a post-conviction motion under 28 U.S.C. §2255. Although he does not expressly invoke the "savings clause" of section 2255, 28 U.S.C. §2255, ¶5, the Court construes McNeair's petition to include an assertion that his remedy under section 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under section 2241. Because it is evident from the Court's review of the record in McNeair's prior legal proceedings that McNeair has not presented these claims in a prior post-conviction motion under section 2255, the Court must determine whether his remedy under section 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v.*

*Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

In the instant case, McNeair challenges his sentence and the inclusion of a term of supervised release as part of his sentence on constitutional grounds. This Court cannot reach the merits of McNeair's claim because it is not a claim of "actual innocence" – even if true, McNeair does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."); *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in McNeair's habeas corpus petition do not present a facially valid claim that he is actually innocent of the offense charged, the savings clause of section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998). The Sixth Circuit has reached this result in a directly analogous context. In *Bannerman v. Snyder,* 325 F.3d 722 (2003), the Sixth Circuit explained that "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence

claim under *Martin.*" *Id.* at 724. Because the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was a precursor to its holding in *Booker*, under *Bannerman*, prisoner claims under *Booker* cannot be raised in a habeas corpus petition under section 2241.

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner McNeair's petition for a writ of habeas corpus is **DENIED.**

(2)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This 21st day of February, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge